MAY/08/2020/FRI 01:59 PM            FAX No.                    P. 003/020




59551432

INDEXED

| | | |
|---|---|---|
| PRESTON RAMGOOLAM and REISHE LOKNATH | * | 15TH JUDICIAL DISTRICT COURT |
| | * | DOCKET NO. 2020 2299 B |
| VERSUS | * | PARISH OF LAFAYETTE |
| WALMART, INC. | * | STATE OF LOUISIANA |

---

### PETITION FOR DAMAGES

---

Petitioners, **PRESTON RAMGOOLAM** and **REISHE LOKNATH**, who are persons of the full age of majority and are citizens of Trinidad that legally reside in the State of Louisiana, respectfully represent the following

1

Made Defendant herein is **WALMART INC.**, which is a foreign corporation authorized to do and doing business in the State of Louisiana that can be served through its registered agent for service of process, CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816

2

On April 9, 2020, **PRESTON RAMGOOLAM** and **REISHE LOKNATH** were customers at the Walmart Supercenter located at 2428 W  Pinhook Road, Lafayette, Louisiana 70508

3

At all times relevant to this lawsuit, **WALMART INC.** was the owner, custodian, and operator of the Walmart Supercenter property and/or premises located at 2428 W  Pinhook Road, Lafayette, Louisiana 70508

4

While **PRESTON RAMGOOLAM** and his wife, **REISHE LOKNATH**, were walking toward the checkout area of the subject Walmart Supercenter, **PRESTON RAMGOOLAM** stepped into a wet substance on the ground and was caused to slip, fall, and sustain injuries to his body and mind which have required and will continue to require medical treatment

1



EXHIBIT

A

5

The conditions of the surface of the floor at the subject Walmart Supercenter were unreasonably dangerous and created an unreasonable risk of harm to PRESTON RAMGOOLAM, and that risk of harm was reasonably foreseeable

6

The defective conditions of the floor at the subject Walmart Supercenter, included, but were not limited to, a wet surface which caused a slipping hazard

7

WALMART INC. created and/or had actual or constructive notice of the unreasonably dangerous conditions of the floor at the subject Walmart Supercenter prior to the slip and fall incident at issue

8

WALMART INC. had a reasonable opportunity to remedy and/or alleviate the unreasonably dangerous conditions and/or unreasonable risks of harm presented by the defective conditions of the floor at the subject Walmart Supercenter, but it failed to exercise reasonable care and/or correct the dangerous conditions

9

The actions, inactions, and/or omissions of WALMART INC. created an unreasonable risk of harm to the public, including PRESTON RAMGOOLAM, by failing to provide reasonable and adequate measures to eliminate or to protect the public from the foreseeable harm that would be caused by the dangerous condition of the wet surface of the floor at the subject Walmart Supercenter

10

WALMART INC.'s conduct described herein amounts to negligence and/or fault for the severe and substantial injuries suffered by PRESTON RAMGOOLAM.

11

WALMART INC. is liable to PRESTON RAMGOOLAM in accordance with Louisiana Civil Code articles 2315, 2316, 2317, 2317 1, and/or Louisiana Revised Statute section 9 2800 6 as a result of its failure to remedy, and/or its creation of the unreasonable risk of

2

harms and/or unreasonably dangerous conditions which resulted in the severe and substantial

injuries suffered by **PRESTON RAMGOOLAM**

12

The incident and injuries at issue occurred as a result of **WALMART INC.**'s negligence,

imprudence, and/or lack of care or attention, directly or vicariously, which acts of negligence and

fault are itemized particularly, but not exclusively, as follows

    A   Creating or permitting the existence of one or more unreasonably dangerous

        conditions,

    B   Failing to properly remedy one or more unreasonably dangerous conditions,

    C   Failing to exercise reasonable care,

    D   Failing to warn patrons lawfully on the premises of the dangerous conditions on

        the premises,

    E   Failing to do what should have been done so as to avoid the incident set forth

        herein,

    F   Failing to properly inspect, repair, or maintain its property, including the floor,

    G   Failing to comply with responsibilities, whether imposed by contract (actual or

        implied) or the law,

    H   Permitting an unsafe ruin, vice, or defect on the premises that created an

        unreasonable risk of harm,

    I   Allowing the premises in question to be used on the day of the incident when it

        was not safe to be used, and

    J   Any and all other acts of negligence or fault established through discovery or

        shown at the trial of this matter

13

As a result of the incident at issue, **PRESTON RAMGOOLAM** suffered and is entitled

to recover damages (both general and special) suffered in the past and future from **WALMART**

**INC.**, including, but not limited to

    A   Past physical pain and suffering,

    B   Future physical pain and suffering,

3

    C  Past mental anguish and/or emotional distress,

    D  Future mental anguish and/or emotional distress,

    E  Past loss of enjoyment of life,

    F  Future loss of enjoyment of life,

    G  Past disability and/or impairment,

    H  Future disability and/or impairment,

    I  Past disfigurement,

    J  Future disfigurement,

    K  Past medical expenses,

    L  Future medical expenses,

    M  Past lost wages and/or earning capacity;

    N  Future lost wages and/or earning capacity, and

    O  All other general and special damages shown at the trial of this matter

14

At all relevant times, **REISHE LOKNATH** was the lawful wife of **PRESTON RAMGOOLAM**

15

As a result of the incident at issue, **REISHE LOKNATH** suffered and is entitled to recover damages (both general and special) suffered in the past and future from **WALMART INC.**, including, but not limited to

    A  Loss of consortium,

    B  Loss of society, companionship, love, and affection,

    C  Loss of service, and

    D  Any and all other damages which will be established at the time of trial

16

**WALMART INC.** is liable unto the Petitioners in the full and true sum in an amount that is reasonable in the premises, plus all costs of these proceedings and legal interest thereon from the date of the incident or judicial demand, whichever is appropriate in the premises, until paid

4

17

Venue is proper in this Court under article 74 of the Louisiana Code of Civil Procedure because the incident and wrongful conduct at issue occurred in Lafayette Parish, State of Louisiana

18

The amount in controversy exceeds $50,000, exclusive of interest and costs Accordingly, Petitioners hereby pray for and request a trial by jury

Petitioners, PRESTON RAMGOOLAM and REISHE LOKNATH, pray that Defendant, WALMART INC., be served with a certified copy of this Petition for Damages and be cited to appear and answer, and that after due proceedings are had, there be judgment in favor of Petitioners and against Defendant in the full and true sum of an amount of damages, both general and special, as is reasonable in the premises, plus legal interest thereon as allowed by law until paid, all costs of these proceedings, and all other just and equitable relief

RESPECTFULLY SUBMITTED,

DOMENGEAUX WRIGHT ROY & EDWARDS, LLC

ANDREW J. QUACKENBOS (Bar. No. 31924)
KALISTE JOSEPH SALOOM IV (Bar. No. 35996)
556 Jefferson Street, Suite 500
Lafayette, LA 70501
Phone  (337) 233-3033
Fax  (337) 232-8213
*Attorneys for Petitioners*

PLEASE SERVE:

WALMART INC.
Through its registered agent for service of process
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA 70816

5

A TRUE COPY ATTEST
Lafayette, LA. 5-22-2020
DY. CLERK OF COURT

FAX FILED THIS 8
DAY OF May, 20 20
Deputy Clerk of Court

MAY/08/2020/FRI 02:00 PM                    FAX No.                         P. 008/020


59551473

| PRESTON RAMGOOLAM and | * | 15TH JUDICIAL DISTRICT COURT |
| REISHE LOKNATH | | |
| | * | DOCKET NO. _____ |
| VERSUS | | |
| | * | PARISH OF LAFAYETTE |
| WALMART, INC. | | |
| | * | STATE OF LOUISIANA |

***********************************************************

### REQUEST FOR NOTICE

Please take notice that Andrew J. Quackenbos and Kaliste Joseph Saloom IV, attorneys

for Petitioners, do hereby request written notice of the date of trial of the above matter as well as

notice of hearings (whether on merits or otherwise), orders, judgments and interlocutory decrees,

and any and all formal steps taken by the parties herein, the Judge or any member of Court, as

provided in Louisiana Code of Civil Procedure Articles 1572, 1913 and 1914

RESPECTFULLY SUBMITTED,

DOMENGEAUX WRIGHT ROY & EDWARDS, LLC

_____

ANDREW J. QUACKENBOS (Bar. No. 31924)
KALISTE JOSEPH SALOOM IV (Bar. No. 35996)
556 Jefferson Street, Suite 500
Lafayette, LA 70501
Phone (337) 233-3033
Fax (337) 232-8213
*Attorneys for Petitioners*

6

FAX FILED THIS 8

DAY OF May, 2020

_____
Deputy Clerk of Court

A TRUE COPY ATTEST

Lafayette, LA. 5-22-2020

_____
DY. CLERK OF COURT


59764415

Lafayette Parish Clerk of Court
Filed This Day

MAY 1 2 2020

Deputy Clerk of Court

| | | |
|---|---|---|
| PRESTON RAMGOOLAM and REISHE LOKNATH | * | 15TH JUDICIAL DISTRICT COURT |
| | * | DOCKET NO. 2020 2299 B |
| VERSUS | * | PARISH OF LAFAYETTE |
| WALMART, INC. | * | STATE OF LOUISIANA |
| | * | |

---

### PETITION FOR DAMAGES

---

Petitioners, **PRESTON RAMGOOLAM** and **REISHE LOKNATH**, who are persons of the full age of majority and are citizens of Trinidad that legally reside in the State of Louisiana, respectfully represent the following:

1.

Made Defendant herein is **WALMART INC.**, which is a foreign corporation authorized to do and doing business in the State of Louisiana that can be served through its registered agent for service of process, CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.

2.

On April 9, 2020, **PRESTON RAMGOOLAM** and **REISHE LOKNATH** were customers at the Walmart Supercenter located at 2428 W. Pinhook Road, Lafayette, Louisiana 70508.

3.

At all times relevant to this lawsuit, **WALMART INC.** was the owner, custodian, and operator of the Walmart Supercenter property and/or premises located at 2428 W. Pinhook Road, Lafayette, Louisiana 70508.

4.

While **PRESTON RAMGOOLAM** and his wife, **REISHE LOKNATH**, were walking toward the checkout area of the subject Walmart Supercenter, **PRESTON RAMGOOLAM** stepped into a wet substance on the ground and was caused to slip, fall, and sustain injuries to his body and mind which have required and will continue to require medical treatment.

1

5.

The conditions of the surface of the floor at the subject Walmart Supercenter were unreasonably dangerous and created an unreasonable risk of harm to **PRESTON RAMGOOLAM**, and that risk of harm was reasonably foreseeable.

6.

The defective conditions of the floor at the subject Walmart Supercenter, included, but were not limited to, a wet surface which caused a slipping hazard.

7.

**WALMART INC.** created and/or had actual or constructive notice of the unreasonably dangerous conditions of the floor at the subject Walmart Supercenter prior to the slip and fall incident at issue.

8.

**WALMART INC.** had a reasonable opportunity to remedy and/or alleviate the unreasonably dangerous conditions and/or unreasonable risks of harm presented by the defective conditions of the floor at the subject Walmart Supercenter, but it failed to exercise reasonable care and/or correct the dangerous conditions.

9.

The actions, inactions, and/or omissions of **WALMART INC.** created an unreasonable risk of harm to the public, including **PRESTON RAMGOOLAM**, by failing to provide reasonable and adequate measures to eliminate or to protect the public from the foreseeable harm that would be caused by the dangerous condition of the wet surface of the floor at the subject Walmart Supercenter.

10.

**WALMART INC.**'s conduct described herein amounts to negligence and/or fault for the severe and substantial injuries suffered by **PRESTON RAMGOOLAM**.

11.

**WALMART INC.** is liable to **PRESTON RAMGOOLAM** in accordance with Louisiana Civil Code articles 2315, 2316, 2317, 2317.1, and/or Louisiana Revised Statute section 9:2800.6 as a result of its failure to remedy, and/or its creation of the unreasonable risk of

2

harms and/or unreasonably dangerous conditions which resulted in the severe and substantial

injuries suffered by **PRESTON RAMGOOLAM**.

12.

The incident and injuries at issue occurred as a result of **WALMART INC.'s** negligence,

imprudence, and/or lack of care or attention, directly or vicariously, which acts of negligence and

fault are itemized particularly, but not exclusively, as follows:

      A.  Creating or permitting the existence of one or more unreasonably dangerous

           conditions;

      B.  Failing to properly remedy one or more unreasonably dangerous conditions;

      C.  Failing to exercise reasonable care;

      D.  Failing to warn patrons lawfully on the premises of the dangerous conditions on

           the premises;

      E.  Failing to do what should have been done so as to avoid the incident set forth

           herein;

      F.  Failing to properly inspect, repair, or maintain its property, including the floor;

      G.  Failing to comply with responsibilities, whether imposed by contract (actual or

           implied) or the law;

      H.  Permitting an unsafe ruin, vice, or defect on the premises that created an

           unreasonable risk of harm;

      I.  Allowing the premises in question to be used on the day of the incident when it

           was not safe to be used; and

      J.  Any and all other acts of negligence or fault established through discovery or

           shown at the trial of this matter.

13.

As a result of the incident at issue, **PRESTON RAMGOOLAM** suffered and is entitled

to recover damages (both general and special) suffered in the past and future from **WALMART**

**INC.**, including, but not limited to:

      A.  Past physical pain and suffering;

      B.  Future physical pain and suffering;

3

    C.  Past mental anguish and/or emotional distress;

    D.  Future mental anguish and/or emotional distress;

    E.  Past loss of enjoyment of life;

    F.  Future loss of enjoyment of life;

    G.  Past disability and/or impairment;

    H.  Future disability and/or impairment;

    I.  Past disfigurement;

    J.  Future disfigurement;

    K.  Past medical expenses;

    L.  Future medical expenses;

    M. Past lost wages and/or earning capacity;

    N.  Future lost wages and/or earning capacity; and

    O.  All other general and special damages shown at the trial of this matter.

14.

At all relevant times, **REISHE LOKNATH** was the lawful wife of **PRESTON RAMGOOLAM**.

15.

As a result of the incident at issue, **REISHE LOKNATH** suffered and is entitled to recover damages (both general and special) suffered in the past and future from **WALMART INC.**, including, but not limited to:

    A.  Loss of consortium;

    B.  Loss of society, companionship, love, and affection;

    C.  Loss of service; and

    D.  Any and all other damages which will be established at the time of trial.

· 16.

**WALMART INC.** is liable unto the Petitioners in the full and true sum in an amount that is reasonable in the premises, plus all costs of these proceedings and legal interest thereon from the date of the incident or judicial demand, whichever is appropriate in the premises, until paid.

17.

Venue is proper in this Court under article 74 of the Louisiana Code of Civil Procedure because the incident and wrongful conduct at issue occurred in Lafayette Parish, State of Louisiana.

18.

The amount in controversy exceeds $50,000, exclusive of interest and costs. Accordingly, Petitioners hereby pray for and request a trial by jury.

Petitioners, **PRESTON RAMGOOLAM** and **REISHE LOKNATH**, pray that Defendant, **WALMART INC.**, be served with a certified copy of this Petition for Damages and be cited to appear and answer, and that after due proceedings are had, there be judgment in favor of Petitioners and against Defendant in the full and true sum of an amount of damages, both general and special, as is reasonable in the premises, plus legal interest thereon as allowed by law until paid, all costs of these proceedings, and all other just and equitable relief.

RESPECTFULLY SUBMITTED,

DOMENGEAUX WRIGHT ROY & EDWARDS, LLC

ANDREW J. QUACKENBOS (Bar. No. 31924)
KALISTE JOSEPH SALOOM IV (Bar. No. 35996)
556 Jefferson Street, Suite 500
Lafayette, LA 70501
Phone: (337) 233-3033
Fax: (337) 232-8213
*Attorneys for Petitioners*

PLEASE SERVE:

WALMART INC.
Through its registered agent for service of process:
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA 70816

A TRUE COPY ATTEST
Lafayette, LA. 5-22-2020

DY. CLERK OF COURT

5

FILED THIS 12
DAY OF May , 20 20

Deputy Clerk of Court


59764498

| | | |
|---|---|---|
| PRESTON RAMGOOLAM and REISHE LOKNATH | * | 15TH JUDICIAL DISTRICT COURT |
| | * | DOCKET NO. 20202299  B |
| VERSUS | * | PARISH OF LAFAYETTE |
| WALMART, INC. | * | STATE OF LOUISIANA |

**************************************************************************

## REQUEST FOR NOTICE

Please take notice that Andrew J. Quackenbos and Kaliste Joseph Saloom IV, attorneys

for Petitioners, do hereby request written notice of the date of trial of the above matter as well as

notice of hearings (whether on merits or otherwise), orders, judgments and interlocutory decrees,

and any and all formal steps taken by the parties herein, the Judge or any member of Court, as

provided in Louisiana Code of Civil Procedure Articles 1572, 1913 and 1914.


RESPECTFULLY SUBMITTED,

DOMENGEAUX WRIGHT ROY & EDWARDS, LLC


ANDREW J. QUACKENBOS (Bar. No. 31924)
KALISTE JOSEPH SALOOM IV (Bar. No. 35996)
556 Jefferson Street, Suite 500
Lafayette, LA 70501
Phone:  (337) 233-3033
Fax: (337) 232-8213
*Attorneys for Petitioners*

A TRUE COPY ATTEST
Lafayette, LA, 5-22-2020
DY. CLERK OF COURT

6

FILED THIS 12
DAY OF May , 20 20
Deputy Clerk of Court